UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-CV-00178-FDW-DSC

| | |
|---|---|
| DAVE R. SMELTZER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| JOHN E. POTTER, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc. No. 3). Defendant maintains Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) for lack of subject matter jurisdiction, insufficiency of service of process resulting in lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Plaintiff filed a response in opposition to the Motion on September 1, 2010. (Doc. No. 11). On September 13, 2010, Defendant filed a reply, which conceded service had been perfected pursuant to Fed. R. Civ. P. Rule 4(i). (Doc. No. 18). As a result, the issues remaining before the Court are the Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6).

For the reasons set forth, Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED.

## I. BACKGROUND

The following facts are either uncontroverted or viewed in the light most favorable to Plaintiff:

Since 1987, Plaintiff has been employed by the United States Postal Service ("USPS"). Plaintiff has worked as a Human Resources Specialist, EAS-16, at the Charlotte, North Carolina, Processing and Distribution Center since 2000. Plaintiff filed this action alleging that during his employment he was discriminated against because of his gender (male) and retaliation for previous EEO activities resulting

in the Defendant's failure to promote Plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5.

On or about September 2008, Plaintiff was not selected for a promotion to an EAS-19 Human Resources position. A female applicant was selected for the position instead. Plaintiff alleges that since August 2000, there has never been a male promoted to a higher level position in personnel. Additionally, Plaintiff contends that due to previous EEO activity, the Human Resources Manager denied him training and higher level details with the USPS that would have led to a promotion.

After an EEO investigation, Plaintiff requested an administrative hearing on April 30, 2009. (Doc. No. 4-1). On June 18, 2009, the Administrative Judge issued a Scheduling Order for the case. (Doc. No. 4-2). Plaintiff subsequently failed to submit a pre-hearing report, and on November 17, 2009, the ALJ issued an order directing Plaintiff to show cause within fifteen (15) days explaining why Plaintiff failed to comply with the Scheduling Order. (Doc. No. 4-3). Plaintiff never responded to the Show Cause Order and instead submitted a "Withdrawal of Complaint of Discrimination." (Doc. No. 4-4). The form was signed and dated December 2, 2009, by Plaintiff and included the following plain language statement:

> I fully understand that by withdrawing the complaint or allegation(s) I have withdrawn, I am waiving my rights to any further appeal of this allegation(s) through the EEO Process. I further stipulate that my withdrawal did not result from threat, coercion, intimidation, promise or inducement. (Doc. No. 4-4).

The form was accompanied by a letter from Plaintiff's attorney stating, "I trust that this eliminates the necessity for me to respond to the Show Cause Order issued by your Honor since this *withdrawal of the Complaint effectively terminates the EEOC end of this matter*." (Doc. No. 4-5) (emphasis added).

The Administrative Judge treated the withdrawal of the EEO complaint as a withdrawal of a request for a hearing and remanded the complaint to the agency for further processing. (Doc. No. 4-6).

USPS filed a motion for clarification and dismissal of the EEO complaint pointing out that Plaintiff has signed a withdrawal of the EEO complaint, and not merely a withdrawal of a hearing request. (Doc. No. 4-7). The Administrative Judge denied the motion. (Doc. No. 4-8).

Consequently, based upon the Administrative Judge's order, the agency issued a Final Agency Decision ("FAD") on January 19, 2010. (Doc. No. 4-9). Plaintiff now petitions this Court for review.

## II. DISCUSSION

Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In Richmond, the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Schultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989).

945 F.2d at 768-69.

For this Court to have subject matter jurisdiction over EEO claims, Plaintiff must first exhaust all administrative remedies prior to bringing an action in federal court. Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976). "A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis v. North Carolina Dept. of Corr.,

3

48 F.3d 134, 138-40 (4th Cir. 1995)); see also Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Defendant contends that Plaintiff has failed to exhaust his administrative remedies because Plaintiff withdrew his EEO complaint. When a plaintiff waives or abandons a claim at the administrative level, the plaintiff effectively fails to exhaust the claims to permit district court review. See, e.g. Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993) (citations omitted); Khoury v. Meserve, 268 F. Supp. 2d 600, 611 (D. Md. 2003); Mahomes v. Potter, 590 F. Supp. 2d 775, 786 (D.S.C. 2008). Where a plaintiff voluntarily withdraws a complaint of discrimination, the applicable regulations do not provide a means for review in a United States District Court. See 29 C.F.R. § 1614.407; Lee v. Potter, No. 3:08-cv-344, 2010 WL 546366, at *4 (S.D. Ohio February 10, 2010).

As Defendant notes, a similar situation to the present case occurred in Gagnon v. Potter, No. 3:05-CV-324RM, 2006 WL 2051730, at *3 (N.D. Ind. July 19, 2006). There, a plaintiff elected to have a hearing before an Administrative Judge, but later submitted a form (very similar to the one used here) withdrawing her EEO complaint in its entirety. Id. In Gagnon, the court held that because plaintiff withdrew from the administrative process and "voluntarily abandoned her claim[,] [she] cannot file a suit in the district court under Title VII." Id. Although the plaintiff argued that the agency was still required to issue a FAD, the court disagreed because the plaintiff had voluntarily withdrew from the administrative process. Id. at 4. The court recognized that "[t]o interpret a dismissal not based upon the merits as triggering a final agency decision, and thus allowing a party to sue in district court, would contravene the purpose of requiring exhaustion." Id.

Like Gagnon, Plaintiff withdrew his EEO complaint of his own free will and accord, and

Plaintiff does not appear to contest the fact that Plaintiff's waiver was knowing and voluntary.[1] The plain language of the withdrawal indicates that Plaintiff knew he waived his rights to any further appeal by submitting that form. Even Plaintiff's attorney seemed to understand this fact as evidenced by a letter to the Administrative Judge recognizing that, "this withdrawal of the Complaint effectively terminates the EEOC end of this matter." (Doc. No. 4-5). In light of these actions alone, Plaintiff effectively abandoned his EEO claim, and this Court does not have subject matter jurisdiction to review his claims.

However, this case presents an rather novel issue where the Administrative Judge treated the withdrawal of Plaintiff's EEO complaint as a withdrawal for a hearing and remanded the case for further agency processing. USPS sought clarification, and the Administrative Judge later denied USPS's request. As a result, USPS followed the Administrative Judge's court order and issued a final agency decision. Plaintiff now seeks review of that decision by this Court.

Despite these subsequent actions by the Administrative Judge and USPS, the Court cannot conclude that its own jurisdiction has been reinstated by the Defendant following, in good faith, what appears to be an untenable decision by the Administrative Judge.[2] To decide otherwise would place this Court in a position of uprooting the finality of a Plaintiff withdrawing a EEO complaint, which would greatly interfere with the administrative process. See Gagnon, 2006 WL 2051730, at *4 (citations omitted).

---

[1] Even if Plaintiff had contested this issue, the Court finds Plaintiff's waiver was voluntary and knowing under the totality of circumstances considering factors set forth in Cassidy v. Greenhorne & O'Mara, Inc., 220 F. Supp. 2d 488, 494 (D. Md. 2002), aff'd, 63 F. App'x 169 (4th Cir. 2003).

[2] The U.S. Equal Employment Opportunity Commission Handbook for Administrative Judges provides that "[a]n Order of Dismissal is appropriate where the Administrative Judge dismisses a complaint pursuant to. . . a voluntary withdrawal of the complaint." See Chapter 2, II(B), available at http://www.eeoc.gov/federal/ajhandbook.cfm#decisions.

Plaintiff contends that the decision by the Administrative Judge to treat the withdrawal of complaint as a withdrawal of his request for a hearing has already been litigated upon and, thus, this Court cannot rule on the issue due to the doctrine of collateral estoppel.[3] Plaintiff cites no authority supporting his position that the doctrine of collateral estoppel applies here. On the contrary, the Fourth Circuit has held that "prior administrative findings, whatever result may be reached, are ordinarily not entitled to preclusive effect in a subsequent discrimination suit, even though the same facts are in dispute." Rosenfeld v. Dept. of the Army, 769 F.2d 237, 239 (4th Cir. 1985). Thus, Plaintiff's argument, while creative, is without merit.

Since this Court lacks jurisdiction pursuant to Rule 12(b)(1), the Court finds it redundant to address Defendant's 12(b)(6) basis for dismissal, as the end result would be the same.

### III. CONCLUSION

For the reasons stated above, Plaintiff's knowing and voluntary withdrawal of his EEO complaint divests this Court of jurisdiction to review his claims. Accordingly, Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED and Plaintiff's claim is hereby DISMISSED without prejudice.

The Clerk is directed to enter judgment in accordance with this Order, and close this matter.
IT IS SO ORDERED.

Signed: November 19, 2010

Frank D. Whitney
United States District Judge

---

[3] It should be noted that this is Plaintiff's only argument in opposition to Defendant's Motion to Dismiss, and Plaintiff has not specifically addressed its burden of proving that this Court has subject matter jurisdiction over this lawsuit.